THE PEOPLE, RESPONDENT, *v.* BELPRÉ, APPELLANT.

Appeal from the District Court of Guayama.

No. 592.—Decided May 19, 1913.

APPEAL—STATEMENT OF CASE—DOUBLE SENTENCE.—When no statement of the case is presented this court cannot consider a plea made for the first time on appeal tending to show that for acts committed on the same day and in the same circumstances two sentences have been imposed upon the accused instead of one.

ID.—RECORD—JUDICIAL NOTICE.—When two cases are pending against the same defendant, in deciding one of them this court will not take notice of what may be contained in the record of the other unless it be brought to the attention of the court by being made a part of the record of the case under consideration.

DISTURBING THE PUBLIC PEACE—CARRYING PROHIBITED ARMS.—The offense of disturbing the public peace may be charged and prosecuted separately from the offense of carrying prohibited arms although both cases may have originated from acts committed by the accused on the same day and in the same circumstances.

The facts are stated in the opinion.

*Mr. Charles E. Foote, fiscal,* for The People.

*Mr. Luis Muñoz Morales* for appellant.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal taken by Felipe Belpré from a judgment of the District Court of Guayama rendered in a trial *de novo* on appeal on January 15, 1913, finding the appellant guilty of disturbing the public peace and sentencing him to two months' imprisonment and the payment of the costs.

Both in his brief and orally the attorney for the appellant has alleged before this court that Belpré was punished by the District Court of Guayama by virtue of two complaints filed separately in the Municipal Court of Guayama, one for disturbing the public peace and the other for carrying prohibited arms, the facts upon which each complaint was based being identical except that it was alleged in the second that the accused carried a revolver, for which reason counsel sub-

mits to the consideration of this court the legal question of whether both cases should be tried together and decided by a single judgment with only one penalty, or whether in any event the sentences imposed on Belpré should be reduced as excessive.

In the transcript of the record submitted we find no bill of exceptions or statement of the case, but only (1) the information in which Belpré is charged with having on November 6 last in Agustín Calimano Street, Guayama, in the municipal judicial district of the same name, interfered in an offensive and provocative manner with a public political parade, disturbing the good order and peacefulness of said parade; (2) the judgment of the District Court of Guayama rendered after the accused had pleaded guilty of disturbing the peace, sentencing him to two months' imprisonment and the payment of the costs; and (3) the notice of the appeal taken by defendant's attorney to this court from that judgment.

As will be seen, the record has not come up in such form as to permit us to consider the allegation made before this court in support of the appeal tending to show that two penalties have been imposed upon Belpré for the same offense.

"An appellate court will take notice of its own records, when properly suggested, but will not take notice, in deciding one case, of what may be contained in the record of another and distinct case, unless it be brought to the attention of the court by being made a part of the record of the case under consideration." 3 Cyc., 179, 180.

However, in the information which originated the present case the accused was not charged with carrying prohibited arms, but with disturbing the public peace, and that act may be charged and prosecuted separately from the other.

The penalty imposed is not excessive.

The appeal should be dismissed and the judgment of the lower court affirmed.

*Affirmed.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Justice MacLeary did not take part in the decision of this case.

APPEAL—STATEMENT OF CASE—DOUBLE SENTENCE.—When no statement of the case is presented this court cannot consider a plea· made for the first time on appeal tending to show that for acts committed on the same day and in the same circumstances two sentences have been imposed upon the accused instead of one.

ID.—RECORD—JUDICIAL NOTICE.—When two cases are pending against the same defendant, in deciding one of them this court will not take notice of what may be contained in the record of the other unless it be brought to the attention of the court by being made a part of the record of the case under consideration.

DISTURBING THE PUBLIC PEACE—CARRYING PROHIBITED ARMS.—The offense of disturbing the public peace may be charged and prosecuted separately from the offense of carrying prohibited arms although both cases may have ·originated from acts committed by the accused on the same day and in the same circumstances.

Mr. Charles E. Foote, fiscal, for The People.

Mr. Luis Muñoz Morales for appellant.

